FILED - GR
March 18, 2009 3:17 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __ald__/_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NICHOLAS ARTHUR WOODHAMS,

    Defendant.

_____/

No. **1:09-cr-82**

Hon. **Robert Holmes Bell**
**U.S. District Judge**

**FELONY INFORMATION**

The United States Attorney charges:

### COUNT 1
(Mail Fraud)

A.     Introduction

From on or about March 6, 2006 to on or about October 26, 2007, in Kalamazoo County, in the Southern Division of the Western District of Michigan,

**NICHOLAS ARTHUR WOODHAMS,**

defendant, did knowingly and unlawfully devise a scheme and artifice to defraud Apple Computer, Inc. ("Apple") of money and property by means of false and fraudulent pretenses, representations, and promises.

B.     The Purpose of the Scheme

The purpose of the defendant's scheme was to fraudulently obtain merchandise from Apple by manipulating the company's warranty return program, and then sell that merchandise over the Internet to enrich himself.

C.   Acts in Furtherance of the Scheme

1.   It was part of the scheme that the defendant established a business alternately known as "iPod Mechanic," "iMechanic," and "Pod Tradeup," to repair broken Apple iPods. An iPod is a personal entertainment device primarily designed to play digitally recorded music. The higher-priced models are also capable of playing video and performing other functions, while the lowest-price model (the iPod Shuffle, or "Shuffle") plays only audio files, and is approximately the size of a postage stamp.

2.   Through his repair business, the defendant was aware of Apple's warranty return policy for Shuffles. At all times relevant to the Information, a customer with a malfunctioning Shuffle still under warranty could obtain a replacement over the Internet by entering the following information into Apple's website: (1) the serial number of the defective unit, (2) a valid credit or debit card number, and (3) an address for shipping. Upon receipt of the claim, Apple would charge a $1 pre-authorization to the card to ensure it was valid, and then promptly ship a refurbished replacement unit to the customer. The return policy stated that if the customer failed to send in the defective unit within a certain time frame, the cost of the replacement unit would be charged to the card.

3.   In the course of his business, the defendant became aware that Shuffle serial numbers followed a set nomenclature, with certain digits corresponding to the place of manufacture, model, color, and other features. Through trial and error, the defendant determined that he could guess valid, warrantied serial numbers, and enter them into Apple's website for "replacement" units, without ever in fact purchasing or possessing the "original" units.

4.   In furtherance of the scheme, the defendant purchased multiple stored-value gift cards using his personal bank account. These cards bore the "Visa" logo, and functioned for all

2

practical purposes like standard bank debit cards. The defendant also opened a box at a commercial mail receiving agency, "The UPS Store," at 6749 South Westnedge Ave., Portage, Michigan. The defendant was assigned Box # 308 for his use.

5. On an almost daily basis during the course of the scheme, the defendant compiled lists of manufactured or "guessed" Shuffle serial numbers that would be accepted by Apple's website, and dispatched them to part-time employees by hand or by e-mail. He would instruct the employees to enter the numbers, using the Visa gift cards for assurance, and UPS Box # 308 or other addresses in the Kalamazoo area for a shipping destination. The defendant was able to use each gift card until Apple determined that the "customer" (the defendant) had not returned the "broken" unit, after which time attempted transactions using that card would be rejected. The defendant would then buy new gift cards and provide them to his employees to continue the scheme. The defendant received approximately 9,075 Shuffles through this scheme in the Western District of Michigan.

6. It was further a part of the scheme that the defendant advertised and sold the fraudulently obtained Shuffles through his business' website for $49 apiece. The defendant used "e-Bay" and "Google Merchant," two commercial Internet payment brokers to process payments from customers. The proceeds of these sales were deposited directly to the defendant's accounts.

D. The Mailings

Between on or about March 6, 2006 and on or about October 26, 2007, for the purpose of executing the scheme and artifice, the defendant did knowingly cause to be delivered by the U.S. Postal Service and/or commercial interstate carrier, according to the directions thereon, approximately 9,492 packages containing Apple iPod Shuffles and associated accessories, from Apple warehouses in California and Pennsylvania to the defendant in the Western District of

3

Michigan. During the same time frame, the defendant also delivered through the U.S. Mail, to customers, more than 5,000 packages containing stolen Apple merchandise, including Shuffles and accessories.

18 U.S.C. § 1341

## COUNT 2
(Money Laundering)

On or about April 6, 2007, in Kalamazoo County, in the Western District of Michigan, Southern Division,

**NICHOLAS ARTHUR WOODHAMS**

did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the wire transfer of $200,000 in U.S. currency from a bank in the Western District of Michigan to a bank in Missouri, such property having been derived from a specified unlawful activity, that is, the mail fraud described in Count 1.

18 U.S.C. § 1957

## (Forfeiture Allegation)

Upon conviction of the offense set forth in Count 1 of this Information,

## NICHOLAS ARTHUR WOODHAMS,

the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

1. REAL PROPERTY:

   a. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 832 Weaver Avenue, Kalamazoo, Michigan, Kalamazoo County, more particularly described as:

   Lots 226 and 227, Westmoreland Park, according to the plat thereof as recorded in Liber 10 of Plats, Page 20, Kalamazoo County Records.

   Parcel No. 06-20-160-226.

   Titled in the name of: William L. Woodhams and Nicholas Woodhams.

   b. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 5837 Portage Road, Portage, Michigan, Kalamazoo County, more particularly described as:

   Lot 3 of Assessor's Plat of Willoughby-Henry Plat, according to the plat thereof as recorded in Liber 14 of Plats, page 5, Kalamazoo County Records.

   Parcel No. 09240-003-0.

   Titled in the name of: Nicholas Woodhams.

2. CONVEYANCES:

   a. One 2004 Audi S4 Sedan, Black in Color, Vehicle Identification Number WAUPL68E34A096891;

   b. One 2006 Gray and White Ariel "Atom 2" Racing Vehicle, Vehicle Identification Number MI0271A2021091907, Chassis Serial Number A2RTE2SSH6A000105;

   c. One 2007 White Honda CBR 600RR Motorcycle, Vehicle Identification Number JH2PC40007M006484;

3. CURRENCY:

   a. $505,406.69 Seized from Scottrade Brokerage Account No. 86257939;

   b. $18,025.83 Seized from First Community Federal Credit Union, Savings Account No. 17760120-1;

   c. $48,280.68 Seized from American Funds Service Company, Mutual Funds Account Numbers 7564-4480-304;7564-4480-305;7564-4480-307; 7564-4480-308;7564-4480-311;7564-4480-312; 7564-4480-316 and 7564-4480-333;

4. PERSONAL PROPERTY:

   a. One Mac Mini Computer, Serial No. YM6302YTWOA, with Monitor, Keyboard and Mouse;

   b. Five IMAC Computers, Serial Numbers W86251XDU2N; W8646269WH5;W87024LJWH5; W86461WL2H5; and One with No Serial Number;

   c. One Apple Mac Book Pro, Serial No. W8722E1PX91;

   d. Miscellaneous Computer Equipment, Printers, and Digital Storage Media; and

   e. Miscellaneous iPod Parts and Digital Storage Media;

5.     SUBSTITUTE PROPERTY:

If any of the property described above, as a result of any act or omission of the defendant,

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. § 1341
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

DONALD A. DAVIS
United States Attorney

Date: 3/18/09

NILS KESSLER
Assistant United States Attorney